O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>DAVID LINCOLN JOHNSON,<br><br>      Defendant. | Case No. ED CR 09-00089VAP<br><br>**ORDER DENYING DEFENDANT'S MOTIONS IN LIMINE AND DENYING GOVERNMENT'S MOTION IN LIMINE**<br><br>**[Motions filed on May 2, 2011]** |

The Court has received and considered the motions in limine filed by Defendant David Johnson ("Defendant") and Plaintiff the United States of America ("Plaintiff" or the "Government") on May 2, 2011. (Doc. Nos. 169-172.) The parties came before the Court for a hearing on Monday, May 23, 2011. Based upon the arguments put forth in support of and in opposition to the motions, the Court rules as follows.

1. **Defendant's Motion in Limine No. 1: Motion to Preclude Government's Expert Testimony for Untimely and Insufficient Disclosure and Lack of Compliance with Rule 16**

Defendant's first motion in limine seeks to preclude testimony from the Government's money laundering expert for untimely and insufficient disclosure under Federal Rule of Criminal Procedure ("Rule") 16. At the hearing, the Government informed Defendant and the Court that it was planning to dismiss counts 20 through 85 of the indictment, which are the counts containing the allegations of money laundering. The Government further informed Defendant and the Court that it was no longer planning on calling a money laundering expert. On May 25, 2011, the Court signed the Order dismissing the money laundering counts. Accordingly, Defendant's first motion in limine is now moot.

2. **Defendant's Motion in Limine No. 2: Motion to Admit Evidence of Other Conduct of Christiano K. Hashimoto**

In his second motion in limine, Defendant seeks the admission of evidence of other conduct by Christiano K. Hashimoto, Jr. ("Hashimoto"), showing Hashimoto's modus operandi, plan, knowledge, and intent. Defendant argues that on at least two separate occasions, Hashimoto made misrepresentations about the potential profitability of companies he invested in without the knowledge of the

leaders of those companies. Defendant seeks admission of this evidence under Federal Rule of Evidence ("FRE") 404(b) to demonstrate Hashimoto also made misrepresentations about Gentech without Defendant's authorization or knowledge. The Government argues the evidence should not be admitted.

A court may admit evidence of prior bad acts under FRE 404(b) if the evidence "(1) tends to prove a material point; (2) is not too remote in time; (3) is based upon sufficient evidence; and, (4) in some cases, is similar to the offense charged." United States v. Lozano, 623 F.3d 1055, 1059 (9th Cir. 2010) (quoting United States v. Banks, 514 F.3d 959, 976 (9th Cir. 2008)); see also United States v. DeSalvo, 41 F.3d 505, 509 (1994). The Court must also examine the evidence under FRE 403 to determine whether the probative value of the evidence is "substantially outweighed by the danger of unfair prejudice." Lozano, 623 F.3d at 1060 (quoting Banks, 514 F.3d at 976).

The Government first argues the evidence Defendant seeks to admit does not have an adequate foundation to be admissible. It asserts that the evidence all comes from report by a temporary receiver of one of Hashimoto's companies, in which the receiver cited to a document

called "Ohana's Private Placement Memorandum" ("PPM").[1] The Government argues that the report does not authenticate the PPM because there is no evidence of who prepared the PPM, whether the report contains the final version of the PPM, or whether the PPM was ever shown to investors. While Defendant argues that none of these questions are in doubt, the Court finds that, without more evidence and the testimony of authenticating witnesses, it is too early to determine whether the evidence from the temporary receiver's report is admissible.

Next, the Government argues this evidence is inadmissible because the acts are not sufficiently similar to the offenses charged. The Court agrees that, at this time, the evidence Defendant seeks to admit appears to demonstrate only that Hashimoto lied about other companies on other occasions, and does not tend to show whether or not Hashimoto lied about Gentech without Defendant's knowledge. Finally, the Government argues the evidence of Hashimoto's acts may be immaterial in this action. Defendant argues that the issue of whether Hashimoto made unauthorized representations about Gentech is a material issue. The materiality of the evidence

---

[1] According to the Indictment, Ohana was an international holding corporation created by Hashimoto for the purpose of acquiring companies and selling stock; Gentech was among the companies owned by Ohana. (Indictment ¶ 9.)

4

will depend in part on the Government's case-in-chief and the theories of liability it pursues at trial.

As Defendant notes, the Ninth Circuit holds that "courts should indulge the accused when the defendant seeks to offer prior crimes evidence of a third person for an issue pertinent to the defense other than propensity." United States v. Cruz-Garcia, 344 F.3d 951, 955 n.3 (9th Cir. 2003) (quoting United States v. McCourt, 925 F.2d 1229, 1236 (9th Cir. 1991)). At this time, however, the Court finds compelling the Government's arguments that the evidence of Hashimoto's other acts may not have an adequate foundation, and may be either irrelevant or immaterial. Accordingly, the Court DENIES Defendant's second motion in limine without prejudice to Defendant renewing his motion at a later time.

**3. Defendant's Motion in Limine No. 3: Motion to Exclude Evidence of Defendant's Genesis Fund Involvement for Lack of Reasonable Notice**

Defendant's third motion in limine seeks to exclude any evidence of Defendant's Genesis Fund[2] involvement, which the Government has indicated it may introduce as

---

[2] Another fraud scheme involving an organization named Genesis Fund is the subject of a separate criminal case in United States v. Lipton, CR 05-316-DSF (C.D. Cal. filed Mar. 30, 2005), in which Defendant is a defendant.

5

rebuttal evidence if Defendant puts his character in issue. Defendant argues that the Government's notice is too vague to be useful.

In its Opposition and at the hearing, the Government clarified that it will bring up <u>United States v. Lipton</u> only to impeach Defendant if he testifies during trial; for example, if he testifies that he has never been accused of any crimes or that he does not understand the term "Ponzi scheme". The Government asserts that it does not intend to call any witnesses to prove Defendant's involvement with the fraud scheme at issue in <u>Lipton</u>, and that it intends to question Defendant about the fraud scheme only if he takes the stand, with the scope of the inquiry depending on Defendant's testimony.

Defendant argues the evidence should be excluded because the Government has not identified a valid theory of admissibility for the evidence. At the hearing, the Government identified it will introduce evidence regarding <u>Lipton</u> as impeachment evidence depending on Defendant's testimony, and that its current theories of admissibility are intent, lack of accident or mistake, and knowledge. Whether the evidence is appropriate for impeachment will depend on whether Defendant testifies and what his testimony is, and is not appropriate for decision at this time. Accordingly, the Court DENIES

Defendant's motion to exclude any evidence of Defendant's Genesis Fund involvement.[3]

**4. <u>Plaintiff's Motion in Limine No. 1</u>: Motion to Exclude Testimony of Defendant's Proposed Expert Ristuccia**

The Government's only motion in limine seeks to exclude the testimony of Defendant's expert witness, Alphonse V. Ristuccia. The Government seeks to exclude his expert testimony on the following grounds: 1) the notice was inadequate; 2) the proffered testimony is irrelevant and unreliable; 3) the proffered testimony would usurp the roles of the jury and the Court; and 4) the proffered testimony is unduly confusing, misleading, and prejudicial under FRE 403.

Under Rule 16(b)(1)(C), a defendant must disclose to the government a written summary of any expert testimony the defendant intends to use, which must include "the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." On April 27, 2011, Defendant disclosed to the Government that Ristuccia, a certified fraud examiner, would provide expert testimony based upon Gentech's bank accounts that Gentech was a legitimate business and was not involved in money laundering. Thus, the notice sets forth

---

[3] The Court notes Defendant's counsel's request to brief this issue further under FRE 608.

7

Ristuccia's proposed opinion testimony and the bases for his opinions, and provides significantly more detail than the Government's disclosure to Defendant regarding the testimony of its expert witness. Defendant's notice to the Government of Ristuccia's proposed testimony is sufficiently detailed at this time.

Next, the Government challenges Ristuccia's testimony as improper under <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>. 509 U.S. 579 (1993). Under <u>Daubert</u>, the trial judge has a "gatekeeping" responsibility to ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." <u>Id.</u> at 597. This gatekeeping obligation is not limited to scientific expert testimony, but applies to all expert testimony. <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137, 147-149 (1999).

Defendant's expert disclosure states Ristuccia examined Gentech's checking accounts to determine whether it was engaging in legitimate business operations. Defendant asserts that Ristuccia's method is easily tested by another accounting expert. At this time, given the disclosures made by both the Government and Defendant, the Court does not have a basis upon which to determine that Ristuccia's methods are unreliable.

The Government also asserts that Ristuccia's testimony should be excluded as irrelevant because the issue of whether Gentech was a legitimate business "has nothing to do with what the [G]overnment must prove at trial." Defendant argues that the issue of whether Gentech operated as a legitimate business is relevant as one of many factors that a jury may consider in determining whether Defendant had the requisite knowledge of and intent to participate in the alleged fraudulent scheme. The Court agrees with the Government that Ristuccia may not testify that Gentech was a legitimate business and thus was not used to launder money, although he may provide testimony regarding Gentech's legitimate expenses and the activity in its checking accounts.

Finally, the Government objects to Ristuccia's testimony on the grounds that it will unreasonably usurp the role of the jury in making credibility determinations. In the cases cited by the Government in support of its argument, however, the expert witnesses were testifying directly to the credibility of another witness. See, e.g., United States v. Barnard, 490 F.2d 907, 913 (9th Cir. 1973) (upholding district court's rejection of proposed expert testimony going directly to credibility of another witness); Nimely v. City of New York, 414 F.3d 381, 397-98 (2d Cir. 2005) (holding district court erred in not striking statements of expert

witness rendering his opinion on the credibility of the police officer witnesses). As noted above, Ristuccia may not state the opinion that Gentech was a legitimate business, but he may testify as to Gentech's legitimate business activities.

For the foregoing reasons, the Court DENIES the Government's motion in limine.

Dated: June 7, 2011

VIRGINIA A. PHILLIPS
United States District Judge